FILED

November 21, 2019

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:03 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **DAVONT JONES** | ) | **Docket No. 2016-08-0437** |
| **Employee** | ) | |
| **v.** | ) | |
| | ) | **State File No. 29405-2016** |
| **PLATINUM TRUCKING,** | ) | |
| **Uninsured Employer.** | ) | |
| | ) | **Judge Deana Seymour** |

## COMPENSATION HEARING ORDER

The Court convened a Compensation Hearing on October 23, 2019. The Court previously partially granted Mr. Jones's Motion for Default Judgment and deemed his injury compensable. The remaining issues include Mr. Jones's entitlement to medical, temporary disability, and permanent disability benefits. For the reasons below, the Court holds Mr. Jones is entitled to medical and temporary disability benefits but not permanent disability benefits.

## History of Claim

While working as an over-the-road driver for Platinum Trucking, Mr. Jones injured both feet on July 19, 2015, after falling from his truck.[1] He sought emergency treatment, and his medical providers diagnosed him with bilateral heel fractures. Shortly afterward, he was transferred to another hospital.

After the hospital discharged him, Mr. Jones treated with Dr. Allison Whittle. Dr. Whittle restricted him for three months from any weight-bearing. Mr. Jones progressed from casts to 3D boots, and ASO braces to double upright braces. However, Mr. Jones used a motorized wheelchair due to significant pain.

---

[1] Platinum Trucking did not have workers' compensation insurance coverage at the time of Mr. Jones's injury. However, since Mr. Jones did not reside in Tennessee on the date of his injury, he does not qualify for benefits under Tennessee Code Annotated section 50-6-801(d).

On November 3, 2016, Dr. Whittle found Mr. Jones's fractures stable, urged him to wean completely from his wheelchair, ordered additional physical therapy, and assigned no restrictions. In March 2018, Dr. Whittle released Mr. Jones from care and referred him to his primary care provider for a permanent disability assessment. According to Dr. Whittle, Mr. Jones continued to use his motorized wheelchair and complained of intense pain.

Dr. Whittle testified by deposition that Mr. Jones's injury carries some impairment, but she did not calculate a rating. She also testified that Mr. Jones probably would not have been capable of working as a truck driver after he received weight-bearing clearance in October 2015.[2]

Mr. Jones testified regarding his wages and inability to work after his injury. He stated Platinum Trucking paid him $1,200.00 to $1,400.00 weekly. He reported his injury to Platinum Trucking, which advised him to apply for disability benefits. According to Mr. Jones, he has not worked since his injury. He has a tenth-grade education and worked as an over-the-road driver for twenty years. He testified he can no longer drive because he cannot climb up into his truck or properly operate the pedals.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, Mr. Jones must establish entitlement to the requested benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2019).

*Temporary Disability Benefits*

To receive temporary total disability benefits, Mr. Jones must show (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Since Mr. Jones submitted no medical proof that his providers took him off work, he is not entitled to these benefits.

However, Mr. Jones is eligible for temporary partial disability benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A). The Court must consider the reasonableness of Platinum Trucking in attempting to return him to work and the reasonableness of Mr. Jones in failing to return to work. *Lasser v. Waste Mgmt., Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 20, at *14 (May 24, 2018).

---

[2] Dr. Whittle also testified that the Regional One medical charges were reasonable and causally related to Mr. Jones's fall from his truck. However, she noted the Regional One bill charged for three walker boots instead of two, which Dr. Whittle thought might be incorrect.

The unrebutted evidence shows that Platinum Trucking did not accommodate Mr. Jones's restrictions. According to Mr. Jones, Platinum Trucking told him to apply for disability benefits, indicating its unwillingness to accommodate his restrictions. Mr. Jones's medical records reflect he remained on restricted duty from July 19, 2015, until November 3, 2016, which entitles him to temporary partial disability benefits.

Since Platinum Trucking never filed a wage statement, the Court must rely on Mr. Jones's testimony regarding his average weekly wage.[3] Mr. Jones earned between $1,200.00 and $1,400.00 per week when he worked for Platinum Trucking. The Court finds Mr. Jones's average weekly wage is $1,300.00, resulting in a weekly compensation rate of $867.10. Therefore, Mr. Jones is entitled to temporary partial disability benefits totaling $58,591.19 for the period between July 19, 2015, and November 3, 2016.

*Permanent Disability Benefits*

Turning to Mr. Jones's request for permanent partial disability benefits, the Court holds he failed to prove entitlement to these benefits. Mr. Jones failed to prove the extent of his permanent impairment. Dr. Whittle never calculated a rating. As the Appeals Board explained, "the method of calculating permanent partial disability as set forth in Tennessee Code Annotated section 50-6-207 is dependent on the existence of a rating. Thus, absent a permanent medical impairment rating, there is no statutory mechanism by which a trial court can award permanent partial disability benefits." *Baumgardner v. United Parcel Serv.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 63, at *10-11 (Oct. 18, 2017). Without proof of an impairment rating, the Court denies Mr. Jones's request for PPD benefits.

Regarding permanent total disability benefits, Tennessee law provides that, "[w]hen an injury not otherwise specifically provided for in this chapter totally incapacitates the employee from working at an occupation that brings the employee an income, the employee shall be considered totally disabled[.]" Tenn. Code Ann. § 50-6-207(4)(B). The assessment of PTD is based on numerous factors, including the employee's skills and training, education, age, local job opportunities, and the capacity to work at the kinds of employment available in the disabled condition. *Roberson v. Loretto Casket Co.*, 722 S.W.2d 380, 384 (Tenn. 1986). Although a rating of anatomical disability by a medical expert is one of the relevant factors, "the vocational disability is not restricted to the precise estimate of anatomical disability made by a medical witness." *Henson v. City of Lawrenceburg*, 851 S.W.2d 809, 812 (Tenn. 1993). In addition, the

---

[3] Mr. Jones asked the Court to award the maximum rate since Platinum Trucking failed to file a wage statement. However, in 2013, the legislature deleted subpart (c) of Tennessee Code Annotated section 50-6-201, which allowed the maximum compensation rate to be used if the employer or insurer failed to file a wage statement.

employee's "own assessment of [his] physical condition and resulting disability is competent testimony that should be considered[.]" *McIlvain v. Russell Stover Candies, Inc.*, 996 S.W.2d 179, 183 (Tenn. 1999).

The Court holds Mr. Jones failed to establish entitlement to PTD benefits. Dr. Whittle neither assigned permanent restrictions nor indicated that Mr. Jones was unable to work after she released him. Additionally, Mr. Jones did not submit an opinion from a vocational expert regarding his ability to work. For these reasons, the Court denies his request.

*Medical Benefits*

Moving to medical benefits, the Court holds Mr. Jones is entitled to the requested benefits. Tennessee Code Annotated section 50-6-204(a)(1)(A) states, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." An employer may risk being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury. *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Here, since Platinum Trucking did not provide Mr. Jones with a panel of physicians or any authorized treatment, it is responsible not only for treatment incurred at Regional One Health but also for ongoing reasonable, necessary and related treatment with Dr. Whittle.

**IT IS, THEREFORE, ORDERED** as follows:

1. Platinum Trucking shall pay past-due temporary partial disability benefits at the weekly compensation rate of $867.10 in the lump-sum of $58,591.19 for the period of July 19, 2015, through November 3, 2016.

2. Platinum Trucking shall pay all medical expenses incurred by Mr. Jones at the direction of Regional One Health from his July 19, 2015 work injury.

3. Platinum Trucking shall provide Mr. Jones medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Whittle shall be the authorized physician.

4. The Court refers this matter to the Compliance Program for consideration of penalties under Tennessee Code Annotated section 50-6-118(a).

5  Platinum Trucking shall pay court costs of $150.00 to the Court Clerk within five business days of this order becoming final.

6    Platinum Trucking, with the assistance of Mr. Jones and his attorney, shall prepare and submit a Statistical Data Form within ten business days of the date of this order becoming final.

7    Absent an appeal, this order shall become final thirty calendar days after entry.

**ENTERED November 21, 2019.**

_____

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:

1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Initial Hearing
4.  Order of Continuance
5.  Order Resetting Scheduling Hearing
6.  Scheduling Order
7.  Motion for Default Judgment
8.  Notice of Hearing
9.  Order of Continuance
10. Order Granting Default Judgment and Resetting Status Hearing
11. Order on Status Hearing
12. Order on Scheduling Hearing
13. Notice of Filing Deposition Transcript of Dr. Allison P. Whittle, M.D.
14. Order Setting Compensation Hearing

Exhibits:

1. Deposition transcript of Dr. Allison Paige Whittle, M.D., including exhibits
2. Petition for Benefits Determination
3. Dispute Certification Notice
4. Order Granting Default Judgment and Resetting Status Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 21, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Christopher Taylor, Employee's Attorney | | X | ctaylor@taylortoon.com |
| Platinum Trucking, Employer | X | X | 1045 Bourbon Pl. Memphis, TN 38106 platinumtruckinginc@gmail.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____ , 20 ___ .


[Signature of appellant or attorney for appellant] _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone   $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing   $ _____ per month |
| Gas | $ _____ per month | Child Care   $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $_____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

Amount Owed          To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____